**CLEVELAND TRUST CO., Appellant, v. BECK et, Appellees.**

Ohio Appeals, Ninth District, Lorain County.

No. 1257.   Decided April 30, 1952.

Daniel P. King, for appellant.
Virgil C. Burgett, Lorain, for appellee.

## OPINION

By DOYLE, J.

The facts in the case before this court, appealed on questions of law from the Court of Common Pleas of Lorain County, may be succinctly stated as follows:

In the year 1931, the Cleveland Trust Co. obtained a judgment against Rose and C. S. Beck (husband and wife), and Mathew Jackson, on their defaulted promissory note, and on its prayer obtained the foreclosure of a real estate mortgage which had been given to secure the note. After distribution of the proceeds from the judicial sale of the property, there was left owing to the Trust Co. the sum of $541.37, with interest at 8% from March 21, 1931. This so-called deficiency judgment was allowed to become dormant under the statutes of this state (§11663 GC). It was, however, not the kind of judgment which comes within the purview of §11663-1 GC (a statute limiting the time to two years for enforcing a deficiency judgment rendered upon an indebtedness secured by a mortgage on a dwelling or home site. **Montalto v. Yeckley, 138 Oh St 314**).

The Trust Co., in the year 1951, filed a motion in the same case asking for an order of revivor of the judgment, after setting out the amount of the deficiency. To this motion, an answer was filed by Rose Beck, one of the judgment debtors,

in which, after admitting the unpaid judgment against her, pleaded that the judgment of 1931 was included in and became the third cause of action in another action filed years later in the same court, in which a judgment was entered on another note secured by a mortgage on different real estate, which mortgage was foreclosed and the proceeds applied to a partial payment of the judgment on the note. She further pleaded that this foreclosure action came within the provisions of §11663-1 GC, supra, because it was a foreclosure and sale of a dwelling house, and that in view of the fact that "more than two years have expired since the date of the confirmation of the sale * * *, and that the deficiency judgment set forth in case No. 30364 (the first action above set forth involving nonresident property) was merged in the deficiency judgment in case No. 37173" (the foreclosure action involving the residential property), the deficiency judgment now sought to be reversed is "unenforceable and uncollectible, and the same became res adjudicata." The pleading concludes by a prayer for an order restraining any attempted enforcement of the said judgment, and for an order denying the motion for revivor.

In analyzing the strategy of the Trust Co., it seems obvious that its purpose in pleading the deficiency judgment obtained in its first foreclosure action against Mrs. Beck in its second foreclosure action, was to establish its claim as a general creditor and to participate in the proceeds of the sale if there were funds remaining after paying in full those entitled to preference. (The fact is that the proceeds of this sale were insufficint to pay the first liens.)

If a judgment had actually been entered against Mrs. Beck in the second action, predicated on the deficiency judgment in the first action, this court would then have the problem of deciding whether the first judgment "merged" into the second one, and, if so, whether the first judgment could now be revived. Such, however, is not the case before us.

Although there was pleaded, as a third cause of action in the second case, the deficiency judgment of 1931, the record discloses no finding of an amount due, or judgment entered. It thus appears that there was no judgment rendered into which the first deficiency judgment could have merged if such a legal step is possible under the law of this state.

While it would be of great academic interest to research the legal question of the merger of a judgment not subject to §11663-1 GC, into a subsequent judgment in a foreclosure action on property subject to the provisions of §11663-1 GC, and to determine whether the statute would bar after two

years the enforcement of such first judgment, it is not the province of a court to resort to such legal exploration if the facts do not so justify.

It is our conclusion that the trial court erred in its denial of the motion, and the judgment will be reversed and the cause remanded.

Reversed and remanded.

HUNSICKER, PJ, STEVENS, J, concur.